## Mellon v. Shenango Nat. Gas Co. Mane's Appeal.

*Corporations—Mortgages—Lien—Sheriff's return—Purchaser's receipt—
Exceptions—Act of April* 20, 1846.

Under the act of April 20, 1846, P. L. 412, relating to the sheriff's re-
turn, where the execution creditor purchases the property and franchises
of a corporation, a creditor, whose debt is a judgment subsequent in date
to the mortgage upon which the execution proceedings were conducted,
has no standing to except to the sheriff's return.

It seems that if the mortgage was invalid and collusive, the property of
the defendant in the execution is not divested by the sale as against bona
fide creditors ; if valid, that the petitioner cannot attack the incorporation
of the company nor the creation of the mortgage indebtedness.

Argued Oct. 10, 1893. Appeal, No. 42, Oct. T., 1893, by
Charles Mane, subsequent lien creditor, from order of C. P.
Lawrence Co., Dec. T., 1892, No. 53, in T. Mellon & Sons,
Trustees, v. Shenango Natural Gas Co., dismissing exceptions
to sheriff's return. Before STERRETT, C. J., GREEN, WIL-
LIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Exceptions to sheriff's return. Before MARTIN, J.

Appellant, a subsequent judgment creditor, filed exceptions
to the sheriff's return setting out that T. Mellon & Sons (the
purchasers and execution creditors) were not entitled to the pro-
ceeds of the real estate of The Shenango Natural Gas Company ;
that the company was incorporated under act of May 29, 1885 ;
that its capital stock was $350,000 ; that 10 per cent was al-
leged to be paid in cash and the balance in certain oil and gas
leases not otherwise particularly described ; that on Dec. 1,
1886, it executed a mortgage to T. Mellon & Sons, trustees, to
secure the payment of $250,000 alleged to be an increase of
indebtedness ; that the mortgage was illegal, ultra vires, fraud-
ulent and void, because it exceeded one half of the capital stock
actually paid in ; that the alleged increase of indebtedness was
illegal and unauthorized by law, because not for labor done or
money or property actually received ; that the mortgage was
not a lien upon the property sold ; that it was collusive and
fraudulent, and for the fraudulent purpose of cheating and de-
frauding exceptant ; that exceptant claimed the money on his

lien which was prior to the lien of the mortgage; that the mortgage and judgment thereon were collusive and fraudulent. The exceptant prayed the court to appoint an auditor or direct an issue as provided by law.

Exceptant's judgment was entered Dec. 5, 1892, on a verdict rendered June 3, 1892, for damages caused by an explosion of gas Dec. 26, 1891. No exceptions were filed to the acknowledgment of the sheriff's deed, nor was any attempt made to set aside the sale. The sheriff sold the "property, franchises, etc.," of defendants.

The opinion of the court below was as follows:

" The exceptions are not considered within the provisions of the act of. assembly providing for filing exceptions to sheriff's returns. [If the mortgage was invalid and collusive, the property of the defendant in the execution is not divested by the sale as against bona fide creditors; if valid, the petitioner cannot attack the incorporation of the company or the creation of the mortgage indebtedness.] [2]

" The exceptions are dismissed, the special return of the sheriff, after proclamation, having been read in open court, is approved and allowed, and the sheriff is permitted to acknowledge the deed for the property sold to the purchaser mentioned in the special return."

*Errors assigned* were to the action of the court: (1) In deciding that the exceptions were not within the provisions of the act of assembly providing for filing exceptions to sheriff's returns ; (2) portion of opinion in brackets, quoting it ; (3) in dismissing the exceptions to the sheriff's return; (4) in approving the sheriff's return and permitting sheriff to acknowledge the deed; (5) in refusing to appoint an auditor ; (6) in refusing an issue.

*B. A. Winternitz, John G. McConahy* with him, for appellant, cited: Act of March 23, 1877, P. L. 34 ; Smith v. Reiff, 20 Pa. 364; Scull's Ap., 115 Pa. 141 ; Heath v. Page, 63 Pa. 108 ; Schick's Ap., 49 Pa. 380 ; Second National Bank of Titusville Ap., 85 Pa. 528; Meckley's Ap., 102 Pa. 542; Dougherty's Est., 9 W. & S. 189 ; Thompson's Ap., 57 Pa. 178 ; Shryock

v. Buckman, 121 Pa. 257; Clark v. Douglass, 62 Pa. 414; R. R. Co.'s Ap., 4 Cent. R. 107.

*Edwin S. Craig, D. B. & L. T. Kurtz* with him, for appellee, cited: Acts of June 16, 1836, §§ 86, 87, P. L. 777; April 20, 1846, § 2, proviso 2, P. L. 411; Moore v. Dunn, 147 Pa. 359; Loeffler v. Schmertz, 152 Pa. 615; Benson's Ap., 48 Pa. 160; Biddle v. King, 1 Phila. 394; Act of May 29, 1885, P. L. 29, Shamokin Valley R. R. v. Livermore, 47 Pa. 465; Pittsburgh's Ap., 123 Pa. 380; Allegheny Co. v. Diamond Market, 123 Pa. 169; Guest v. Water Co., 142 Pa. 610; Com. v. Sus. & Del. R. R., 122 Pa. 320; Trickett on Liens, § 193; Bayard's Ap., 72 Pa. 453; Bank v. Coke Co., 137 Pa. 604; Smith v. Reiff, 20 Pa. 364; Shaw's Ap., 46 Pa. 407; Housekeeper's Ap., 49 Pa. 141; Cunningham v. Ihmsen, 63 Pa. 351; Rudy's Ap., 94 Pa. 338; Ludlow v. Dutton, 1 Phila. 226; Irvine v. Lumbermen's Bank, 2 W. & S. 190–204; Dyer v. Walker, 40 Pa. 157; Cochran v. Arnold, 58 Pa. 399; Hanover R. R. v. Haldeman, 82 Pa. 37; Spahr v. Farmers' Bank, 94 Pa. 434; Hamilton v. Clarion R. R., 144 Pa. 35; Com'rs v. Bolles, U. S. 104; Columbia Nat. Bank's Ap., 16 W. N. 357; Gordon v. Preston, 1 Watts, 385; Edmondson v. Nichols, 22 Pa. 74; Hartman v. Ogborn, 54 Pa. 120; Butterfield's Ap., 77 Pa. 197; Michaelis v. Brawley, 109 Pa. 7; Shryock v. Buckman, 121 Pa. 257; Thompson's Ap., 57 Pa. 175; Clark v. Douglass, 62 Pa. 408; Graham v. R. R., 102 U. S. 148; Beck v. Parker, 65 Pa. 262; Buckley v. Duff, 114 Pa. 597; Loeffler v. Schmertz, 152 Pa. 616; Bispham's Equity, 2d ed. § 248; Kimble v. Smith, 95 Pa. 69; Harlan v. Maglaughlin, 90 Pa. 293; Snyder v. Christ, 39 Pa. 499; Monroe v. Smith, 79 Pa. 459; Ingram v. Hartz, 48 Pa. 381; Pearsoll v. Chapin, 44 Pa. 14; Adlum v. Yard, 1 Rawle, 163; Furness v. Ewing, 2 Pa. 479; Kauffman's Ap., 70 Pa. 261; Act of June 28, 1871, § 1, P. L. 1876, Purdon, 765, pl. 127; Torrance v. Torrance, 53 Pa. 505; Brightly's Equity, § 57; Johnson's Ap., 9 Pa. 416; Marr's Ap., 78 Pa. 66; Hostetter v. Pittsburgh, 107 Pa. 420–436; Moore v. Greene, 60 U. S. 69.

PER CURIAM, October 23, 1893:

An examination of the record in this case has failed to con-

vince us that there is anything in either of the six specifications of error that requires a reversal or modification of the decree.

Decree affirmed and appeal dismissed, with costs to be paid by the appellant, Charles Mane.